**Opinion issued September 27, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00608-CR

## NO. 01-16-00609-CR

———————————

**ANTHONY LANCE JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1494533 & 1510039[1]**

---

## MEMORANDUM OPINION

Appellant, Anthony Lance Jones, proceeding pro se and incarcerated, pleaded

guilty to two related counts of the Class A misdemeanor offense of assault of a

---

[1]    Appellate cause no. 01-16-00608-CR; trial court cause no. 1494533.
        Appellate cause no. 01-16-00609-CR; trial court cause no. 1510039.

family member in the underlying trial court cause numbers 1494533 and 1510039. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b) (West Supp. 2016). Pursuant to a plea bargain in each case, the State agreed to reduce the third-degree felony offenses to Class A misdemeanors with the agreed punishment recommendation that appellant be assessed one year confinement in county jail in each case, to be served concurrently. In accordance with the terms of his plea bargains with the State, the trial court found appellant guilty and assessed his punishment at one year confinement in county jail in each case, with both sentences to be served concurrently with each other. *See* TEX. PENAL CODE ANN. § 12.21(2) (West Supp. 2016). The trial court certified that both cases are plea-bargained cases and that appellant has no right of appeal in either of them. *See* TEX. R. APP. P. 25.2(a)(2).

Appellant timely filed a *pro se* combined notice of appeal in both cases. *See* TEX. R. APP. P. 26.2(a)(1). Appellant also filed a *pro se* letter-motion for the appointment of appellate counsel, an extension of time to file an appellate brief, and for access to the appellate records in this Court. We dismiss this appeal for want of jurisdiction and dismiss the motions as moot.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2016); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing

that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certifications, which are included in the clerk's record in each appeal, state that these are plea-bargained cases and that appellant has no right of appeal, and the trial court did not give its permission to appeal any matters. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The clerk's record, filed in this Court for each case, supports the trial court's certifications. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

## CONCLUSION

Accordingly, we dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).